Jesse STRANAHAN, Plaintiff,

v.

A/S ATLANTICA & TINFOS PAPIRFABRIK, Defendant,

v.

W. J. JONES & SON, INC., Third-Party Defendant and Appellee,

and

WEYERHAEUSER COMPANY, Third-Party Defendant and Appellant.

No. 73–2809.

United States Court of Appeals, Ninth Circuit.

July 30, 1975.

Ridgway K. Foley (argued), Portland, Or., for appellant.

Jerard S. Weigler (argued), Portland, Or., for appellee.

## OPINION

Before BROWNING and WRIGHT, Circuit Judges, and LINDBERG,* District Judge.

PER CURIAM:

The district court has denied the Weyerhaeuser Company's claim against W. J. Jones and Son, Inc., for indemnity for costs and attorneys' fees. Weyerhaeuser has appealed and we affirm.

Jesse Stranahan was an employee of Weyerhaeuser; he was injured aboard the HOEGH MALLARD which was owned by A/S Atlantica and Tinfos Pa-

---

* Honorable William J. Lindberg, Senior United States District Judge for the Western District of Washington, sitting by designation.

pirfabrik. Stranahan was injured during loading of the ship which had been time-chartered by Weyerhaeuser. Jones was the operating stevedore when Stranahan was injured. Stranahan brought action against the shipowner; and the shipowner brought third-party actions against Jones and Weyerhaeuser. Seeking to be indemnified, Weyerhaeuser cross-claimed against Jones. Trial to a jury resulted in an award to Stranahan against the shipowner. The award was based upon the finding that the HOEGH MALLARD was unseaworthy because of inadequate lighting. The district court ordered the time-charterer to indemnify the shipowner and dismissed all claims against the stevedore. On appeal this court reversed, holding that Jones, not Weyerhaeuser, should have been required to indemnify the shipowner. The cross-claim was not expressly treated in our prior opinion, because the reversal had exonerated Weyerhaeuser from responsibility to any party.[1] No petition for a rehearing was directed to this court concerning its handling of the cross-claim. Subsequently, Weyerhaeuser filed its motion in the district court seeking indemnity from the stevedore for costs and attorneys' fees incurred in Weyerhaeuser's successful defense.

Although the matter is not wholly free from doubt, Weyerhaeuser's motion appears to be an afterthought. In the earlier stages of these proceedings, Weyerhaeuser never clearly articulated its interest in indemnity for costs and attorneys' fees where it was found free from liability. In fact, our perusal of the record has led us to the conclusion that Weyerhaeuser's primary concern vis-a-vis Jones was reimbursement for any funds Weyerhaeuser might have been required to pay the shipowner. No proceedings directed to Weyerhaeuser's present claim

were instituted until after trial to a jury, trial to the district court, and an appeal had all been commenced and terminated.

■ Weyerhaeuser's right to the special sort of indemnity now sought could have been decided prior to or during the first appeal; although determination of the amount owed, if any, would have had to have awaited termination of the entire proceeding. Thus, in our view, it would have been proper for the district court to refuse to grant Weyerhaeuser's motion solely on the grounds of waiver. Proceeding further would have constituted a reopening of the case and expenditure of judicial resources on matters which ought to have been presented at time of trial. Similarly, Weyerhaeuser's failure to draw its special claim to the attention of this court on the first appeal would warrant our refusal to consider the issue at this time. Nevertheless, we reach the merits.

Weyerhaeuser has relied on two theories to support its claim that Jones should pay Weyerhaeuser's defense costs: (1) Jones' express contractual undertaking; (2) Jones' implied warranty of workmanlike performance either running in favor of Weyerhaeuser or of which Weyerhaeuser was a third-party beneficiary.

■ Because it cannot, Weyerhaeuser has not argued that Jones expressly contracted to indemnify it for costs and attorneys' fees. Rather, Weyerhaeuser has claimed that Jones contracted[2] to load the HOEGH MALLARD properly; breached that contract, thereby involving Weyerhaeuser in defense of a lawsuit; and thus ought to indemnify Weyerhaeuser for the expenses incurred as a result of the Jones breach. We cannot accept such a broad characterization of Jones' responsibilities. In the first place, the text relied upon does not support such

---

1. *Stranahan v. A/S Atlantica and Tinfos Papir-fabrik*, 471 F.2d 369 (9th Cir. 1972); *cert. denied* 412 U.S. 906, 93 S.Ct. 2293, 36 L.Ed.2d 971 (1973).

2. The contract provision upon which Weyerhaeuser has relied states that Jones will, Appellant's Opening Brief at 20:

Provide all necessary stevedoring labor, including winchmen, hatch tenders, lift truck operators, also foreman and such other stevedoring supervision as are needed for the proper and efficient conduct of the work.

an interpretation. In the second place, Weyerhaeuser and Jones have, in other circumstances, expressly agreed that Jones would hold Weyerhaeuser harmless from any expenses or liabilities arising out of their contractual relationship.[3] The absence of such an express agreement in this case militates against placing such a burden on Jones through implication. And in the third place, it is the general rule in the United States that, absent statute or enforceable contract, litigants pay their own attorneys' fees. *Aleyska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). To accept the Weyerhaeuser argument would tend to subvert this principle. We therefore hold that Jones had no contractual responsibility to indemnify Weyerhaeuser.

■ Weyerhaeuser's second theory relied upon the indemnity doctrine first articulated in *Ryan Stevedoring Co. v. Pan-Atlantic Steamship Co.*, 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). We have little difficulty in concluding that no warranty of workmanlike performance runs from Jones in favor of Weyerhaeuser. The obligation to provide a seaworthy vessel renders a shipowner strictly liable to a longshoreman who is injured as a result of unseaworthiness. *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946). The severity of this obligation has been mitigated by permitting one charged with the duty to provide a seaworthy ship to procure indemnification from an independent contractor whose activities may have resulted in a ship-

owner's liability to an injured individual. It is the obligation to provide a seaworthy vessel which gives rise to the implied warranty of workmanlike performance and the duty to indemnify. *Davis v. Chas. Kurz and Co.*, 483 F.2d 184 (9th Cir. 1973). Because no obligation to provide a seaworthy vessel is imposed upon a time-charterer who assumes no operational control of a vessel, no implied warranty should be found to run in favor of the time-charterer and no right to indemnification exists.[4]

■ Weyerhaeuser fares no better in urging that it is the third-party beneficiary of an implied warranty between the stevedoring company and the shipowner; for the fact remains that the policy reasons [5] behind judicial creation of the implied warranty on behalf of the shipowner are absent where a time-charterer is involved. We therefore hold that Jones had no responsibility implied in law to indemnify Weyerhaeuser.

We recognize that our holding means that Weyerhaeuser must shoulder the burden of paying for the defense of a claim against it both arising out of the actions of a third party and ultimately found to have been without merit. This unfortunate state of affairs is not unusual in the United States; in fact, it is the ordinary case that a litigant bears the bulk of his expenses in prosecuting or defending against an action. *Aleyska Pipeline Service Co. v. The Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L. Ed.2d 141 (1975).

Affirmed.

---

3. Transcript at 106 (June 22, 1971).

4. *Compare, D/S Ove Skou v. Hebert*, 365 F.2d 341 (5th Cir. 1966); *cert. denied* 400 U.S. 902, 91 S.Ct. 139, 27 L.Ed.2d 139 (1970); where it was noted that a time-charterer not in operational control of a vessel made no warranty of workmanlike performance either to a shipowner or to third persons. It should be remembered that the action in *Ove Skou* was brought against the time-charterer directly.

5. As Justice Douglas noted in his opinion for the majority in *Crumady v. The Joachim Hendrik Fisser*, 358 U.S. 423, 428, 79 S.Ct. 445, 3 L.Ed.2d 413 (1959):

> The warranty which a stevedore owes when he goes aboard a *vessel* to perform services is plainly for the *benefit of the vessel* whether the *vessel's owners* are parties to the contract or not. [Emphasis added].